# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FITRACO, N.V., a Belgium corporation, ) | |
| ) | No. 07 CV 0262 |
| Plaintiff, ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| v. ) | |
| ) | |
| E. THOMAS WOLD, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR ENTRY OF
## JUDGMENT PURSUANT TO SETTLEMENT TERMS

Plaintiff Fitraco, N.V. ("Fitraco"), by its undersigned counsel, hereby moves this Court for the entry of a judgment against Defendant E. Thomas Wold ("Wold") pursuant to the Settlement Terms ("Settlement") reached by the parties on July 12, 2007 following a settlement conference with this Court. In support thereof, Fitraco states as follows:

1.  On July 12, 2007, Fitraco and Wold entered into the Settlement which resolved the dispute underlying this cause of action. A true and correct copy of the Settlement is attached hereto as <u>Exhibit A</u>. In the Settlement, the parties agreed that this action would be terminated by entry of a consent judgment against Wold. Paragraph 2(a) of the Settlement provides that:

> (a) Wold will execute a consent judgment in the Federal Lawsuit in the amount of $732,000 which will not be enforced unless Wold fails to make a payment when due pursuant to ¶ 1. If Wold fails to make any payment when, due, Fitraco will be entitled to collect the judgment in the amount of $732,000 less any payments that Wold has made prior to the default. The Federal Lawsuit will be terminated by the entry of the consent judgment against Wold. If and when Wold has made all the payments required by ¶ 1, Fitraco will execute a release and satisfaction of the consent judgment.

2. Alternatively, to protect Wold against the possibility that the entry of the contemplated consent judgment would constitute an event of default on Wold's other current financial obligations, Paragraph 2(b) of the Settlement provides that:

> (b) Provided, however that if by July 16, 2007, Wold produces to Fitraco's counsel a loan agreement demonstrating that such a consent judgment would be an event of default under a current loan, the parties agree to the following alternative to ¶ 2(a): In the event that Wold fails to make any payment when due as set out in ¶ 1, Fitraco shall be entitled to bring an action for breach of this settlement agreement for damages in the amount of $732,000 less any payments Wold has made, plus Fitraco's attorneys' fees and costs to bring the action, and Wold agrees that he will not contest or raise any defense to such an action except: (i) that he actually made a payment that Fitraco claims was not made, or (ii) that Fitraco miscalculated the amount due. If this alternative is implemented, the Federal Lawsuit will be dismissed with prejudice. If and when Wold has made all payments required by ¶ 1, Fitraco will execute a release and satisfaction of Wold's obligations under this agreement and the guarantee that is that subject of the Federal Action.

3. On July 16, 2007, Wold sent to Fitraco's counsel a letter attaching two loan agreements, and marking provisions thereof, purporting to satisfy the condition set forth in Paragraph 2(b), and stating simply that it would be necessary to proceed "according to the alternative provision in the settlement agreement and dismiss the lawsuit with prejudice." A true and correct copy of the July 16, 2007 letter is attached hereto as <u>Exhibit B</u>. The letter contained no analysis or explanation of Wold's belief that the condition necessary to invoke Paragraph 2(b) was satisfied.

4. Fitraco disagreed with Wold's analysis, and sent a letter to Wold's counsel explaining the basis for that disagreement on July 17, 2007. A true and correct copy of the July 17, 2007 letter is attached hereto as <u>Exhibit C</u>. As set forth in Fitraco's July 17, 2007 letter, Fitraco does not believe that Wold has presented any documentation that

demonstrates, as required by the Settlement, that the entry of "a consent judgment would be an event of default under a current loan."

5. One of the promissory notes presented by Wold is executed by Wold himself, and one is executed by Time Escape, LLC ("Time Escape"). There is no evidence, however, that either loan is current. Moreover, with respect to the Time Escape note, Fitraco assumes that Wold is taking the position that he is a guarantor of the loan, and that pursuant to the provision of the Time Escape note entitled "Events Affecting Guarantor", an Event of Default as to Mr. Wold personally would constitute an Event of Default as to Time Escape.

6. Assuming *arguendo*, however, that (1) a default in a Time Escape loan, as opposed to a loan owed by Wold, is sufficient to trigger the contingency in the Settlement, (2) that both loans are current, and (3) that Wold is a guarantor of the Time Escape loan, the provisions relied upon by Wold do not demonstrate that the entry of a consent judgment as contemplated by the Settlement would constitute an Event of Default under either of these loans.

7. First, Wold relies on a provision of the two loans stating that an Event of Default committed by the borrower (or presumably, by any guarantor) of any other loan of any other creditor that materially affects the borrower's (or any guarantor's) property or ability to repay the debt (or pay the guaranty) is an event of default. Wold's default to Fitraco, however, occurred in October, 2004, when he failed to make a payment on his guaranty to Fitraco as demanded. The consent judgment itself is not a default; it is the result of negotiations following the default. Moreover, there is no indication that the entry of a consent judgment as contemplated by the Settlement would materially affect Wold's ability to repay either his own note, or to repay any Time Escape obligation he has guaranteed. In

fact, Fitraco assumes that the reason that Wold asserted that he could pay Fitraco no more than $5,000 per month was to ensure that his remaining cash flow would be sufficient to service his other financial obligations.

8. Second, Wold relies on a provision of the two loans stating that the commencement of foreclosure or forfeiture provisions or other actions relating to any collateral securing the current loan (or, presumably, securing any guaranty by Wold of Time Escape's loan) shall constitute an Event of Default. Fitraco's guaranty lawsuit against Wold, and the resulting consent judgment, however, do not in any way seek to foreclose upon or seek the forfeiture of any collateral that might be securing Wold's other loans, or that possibly secures Wold's guaranty of Time Escape's loan. Accordingly, this provision does not apply.

9. On July 18, 2007, Wold's counsel responded to Fitraco's July 17, 2007 letter. A true and correct copy of the July 18, 2007 letter is attached hereto as <u>Exhibit D</u>. Therein, Wold claims that notwithstanding his failure to pay under the guaranty since Fitraco's demand in October, 2004, he is not in default under the terms of the guaranty without a judicial finding that he is, in fact, in default, so that he would not actually default under the Fitraco guaranty until the consent judgment is entered. There is no basis for this contention; no judicial finding is necessary to demonstrate to Wold's other lenders that Wold's failure to pay the amounts demanded by Fitraco since 2004 constitutes an event of default. Moreover, unless Wold has hidden those facts from his other lenders, they are undoubtedly already aware of his failure to pay Fitraco.

10. Additionally, Wold asserts in his July 18, 2007 letter that a consent judgment as contemplated by the Settlement would interfere with his ability to repay his

other debts. Wold, however, does not produce any evidence to support this assertion, nor does he produce any evidence that such an interference would rise to the level of materially affecting his ability to repay his obligations.

11. Wold does not in any way in his July 18, 2007 letter try to defend his previous argument that a consent judgment would constitute a default pursuant to the provision of the two loans providing that a foreclosure or forfeiture action with respect to collateral securing his other loans had been commenced. Fitraco therefore presumes that Wold has dropped this contention.

12. Fitraco agreed that if Wold could demonstrate that the entry of a consent judgment as contemplated by the Settlement would constitute a default under Wold's other current loans, the consent judgment would not be entered. Obviously preferring that a consent judgment not be entered, however, Wold has simply fabricated purported reasons why the contemplated consent judgment would constitute a default under other loans. Because Fitraco disagrees with Wold's position, and the parties have not been able to come to agreement on this issue, Fitraco is now asking this Court to enter the contemplated judgment (which presumably would no longer be a consent judgment) in the form attached hereto as <u>Exhibit E</u>.

13. The parties consented to proceed before this Court for all purposes in connection with the Settlement, so this Court has jurisdiction to enter a final order in this case.

WHEREFORE, Fitraco, N.V. respectfully requests that this Court enter a consent judgment against Defendant Thomas E. Wold in the amount of $732,000, pursuant to the Settlement Terms, in the form attached hereto as <u>Exhibit E</u>.

Dated July 24, 2007

                                      Respectfully submitted,

                                      FITRACO, N.V., a Belgium corporation

                                      By: /s/ Jonathan H. Claydon_____
                                              One of Its Attorneys

Frederic R. Klein
Steven A. Levy
Jonathan H. Claydon
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000 phone
(312) 332-2196 fax

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 24, 2007, he caused a true and correct copy of the foregoing **Plaintiff's Motion for Entry of Judgment Pursuant to Settlement Terms** to be served upon the following as indicated:

*Via U.S. Mail and the Court's ECF Mailing System*

Kristi L. Browne, Esq.
THE PATTERSON LAW FIRM, P.C.
33 North LaSalle Street
Suite 3350
Chicago, IL 60603

/s/ Jonathan H. Claydon